# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT BLUEFIELD

**CHRISTIAN PEARSON,**

    **Plaintiff,**

**v.**                                              **CIVIL ACTION NO. 1:15-07411**

**ELIZABETH PANAGUITON, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pursuant to the Fourth Circuit Court of Appeals' mandate, (ECF No. 71), this court reviews plaintiff's objections to the magistrate judge's Proposed Findings and Recommendation to the extent that plaintiff seeks relief from the United States under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, et seq.

### I. BACKGROUND

**A. Procedural Background**

On June 8, 2015, the plaintiff filed his complaint alleging defendants negligently diagnosed and provided insufficient medical treatment for a severe ankle injury he suffered while playing basketball in prison on May 29, 2013. ECF No. 2. Plaintiff sued six (6) prison officials from FCI McDowell and

two (2) prison officials from FCI Gilmer, alleging their treatment constituted a violation of the FTCA. Id.[1]

Magistrate Judge Aboulhosn, pursuant to 28 U.S.C. § 636(b), submitted his Proposed Findings and Recommendation ("PF&R") on July 26, 2016. ECF No. 44. The PF&R recommended that this court grant defendants' motions to dismiss, (ECF Nos. 23, 35), and dismiss plaintiff's Complaint. Id. After a motion for an extension of time was granted, (ECF No. 46), the defendant timely filed objections to the PF&R. ECF No. 48.

On September 27, 2016, after reviewing plaintiff's objections, the record, and the PF&R, this court adopted the findings and conclusions of Magistrate Judge Aboulhosn, granted defendants' motions to dismiss, and dismissed plaintiff's complaint. ECF Nos. 50-51.

Plaintiff timely appealed this court's opinion to the Fourth Circuit Court of Appeals. On October 18, 2017, the Fourth Circuit affirmed in part and vacated in part the holding

---

[1] Plaintiff's complaint also alleged violations of his constitutional and civil rights pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See ECF No. 2. Plaintiff also named DIANAssociates and Janice Jeon, Reading Radiologist at DIANAssociates as defendants, alleging negligent treatment of plaintiff. See id. The Fourth Circuit affirmed this court's dismissal of the aforementioned claims and defendants. See ECF Nos. 50-51, 68-69.

2

of this court.  See ECF No. 68.  Specifically, the Fourth Circuit affirmed this court's opinion with the exception of our dismissal of plaintiff's FTCA claim against the government.  Id.  To this extent, the case has been remanded for further proceedings.

**B. The PF&R's Findings Related to Plaintiff's FTCA Claim**

Magistrate Judge Aboulhosn concluded that plaintiff's FTCA claim failed to satisfy West Virginia's procedural pre-suit notification hurdles that are generally required to comply with the West Virginia Medical Professional Liability Act, W. Va. Code § 55-7B-1 et seq. ("MPLA"), before filing a negligence claim against health care providers.  See ECF No. 44, at pp. 45-46.  The PF&R states that plaintiff admits he did not comply with these requirements.  Id.  Instead, plaintiff alleged that he should not have to comply with these requirements because he (1) filed a Standard Form 95,[2] and (2) fulfilled all of the Bureau of Prisons' requirements to properly exhaust his claim.

The magistrate judge held that neither argument conforms to the narrow exception provided in West Virginia Code § 55-7B-6(c), which allows claimants to bypass the pre-suit notification

---

[2] Commonly known as a "FTCA form" which allows a claimant to include factual information about his claim for damage, injury, or death.

process if their claim is based upon a well-established legal theory of liability.  Id.  In contrast, the PF&R stated that Pearson's claim alleges that defendants' "medical testing and treatment . . . fell below the applicable standard of care" and that defendants "misread the results of his x-ray."  ECF No. 44, at p.49.  Accordingly, the nature of Pearson's claim is complex and not based upon a well-established legal theory of liability. Id.

### C. Plaintiff's Objections to the PF&R Related to His FTCA Claim Against the Government

Plaintiff's objections do not allege his suit conformed to the pre-suit notification requirements of the MPLA, but rather that an exception should be made due to his lack of knowledge of the MPLA's requirements.  ECF No. 48 at pp. 16-18.  First, Pearson alleges that the Bureau of Prisons' grievance procedure "does not warn of certain prerequisite state rules" such as the MPLA's pre-suit certificate of merit requirement.  See id. at 16.  Therefore, because Pearson was only aware of the steps necessary to exhaust his claim before the Bureau of Prisons, the MPLA requirements need not be met.  See id. at 17.  Second, Pearson alleges that he was never given a chance to cure his deficiency in failing to comply with the MPLA's pre-suit requirements, even though plaintiff admits that he is unable to

4

"afford a competent expert in order to meritoriously advance his MPLA claims." Id.

## II. APPLICABLE LAW

### A. The FTCA Allows Inmates to Recover Against the United States for Its Negligence Subject to State Tort Law

Pursuant to 28 U.S.C. § 2674, the FTCA provides in pertinent part that the:

> United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Inmates may recover damages under the FTCA for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee. See United States v. Muniz, 374 U.S. 150 (1963). As such, the FTCA "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001) (emphasis added). Plaintiff's ankle injury indisputably occurred while incarcerated at FCI McDowell located in Welch, West Virginia. Therefore, West Virginia tort law applies.

**B. Before an Action Under the MPLA May Be Filed Against a Health Care Provider in West Virginia, the Plaintiff Usually Must Provide the Defendant with a Pre-Suit Certificate of Merit**

Under the MPLA, before filing a legal claim against a "health care provider," a plaintiff must satisfy certain prerequisites. W. Va. Code § 55-7B-6. At least 30 days before filing suit, a plaintiff must serve each defendant health care provider with a notice of claim with an attached screening certificate of merit executed under oath by another health care provider qualified as an expert under the West Virginia Rules of Evidence. Id. This notice and attached screening certificate is mandatory before filing suit in federal court. See Stanley v. United States, 321 F. Supp. 2d 805, 806-07 (N.D.W. Va. 2004).

**C. A Rare Exception to the MPLA's Pre-Suit Notification Requirement Exists When the Claim is Based Upon a Well-Established Theory of Liability**

No screening certificate of merit is necessary, however, when "the cause of action is based upon a well-established legal theory of liability which does not require expert testimony supporting a breach of the applicable standard of care." W. Va. Code § 55-7B-6(c); see also Farley v. Shook, S.E.2d 739, 744 (W. Va. 2006) (finding expert testimony unnecessary "where the lack of care or want of skill is so gross as to be apparent, or the alleged breach relates to noncomplex matters of diagnosis and

treatment within the understanding of lay jurors by resort to common knowledge and experience."). Applying this standard, this court in Johnson v. United States held that no pre-suit certificate of merit was necessary when the allegedly negligent surgeon "implanted the too large Prosthesis backward causing diminished bloodflow." 394 F. Supp. 2d 854, 858 (S.D.W. Va. 2005).

Nevertheless, Judge Keeley of the Northern District of West Virginia recently confirmed that "[W. Va. Code § 55-7B-6(c) and] Johnson [are] a rare exception to 'the general rule that in medical malpractice cases negligence or want of professional skill can be proved only by expert witnesses.'" Giambalvo v. United States, No. 1:11CV14, 2012 WL 984277, at *4 (N.D.W. Va. Mar. 22, 2012) (quoting Banfi v. Am. Hosp. for Rehab., 529 S.E.2d 600, 605 (W. Va. 2000)); see also O'Neil v. United States, No. 5:07CV358, 2008 WL 906470, at *5 (S.D.W. Va. Mar. 31, 2008) (finding that the plaintiff was not excused from filing a certificate of merit because the treatment and diagnosis of Graves disease, hyperthyroidism, congestive heart failure, and cardiomyopathy are not within the understanding of lay jurors).

Moreover, even if a court finds that a claim falls under the exception of W. Va. Code § 55-7B-6(c), the plaintiff is

7

still required to "file a statement specifically setting forth the basis of the alleged liability of the health care provider in lieu of a screening certificate of merit."  W. Va. Code § 55-7B-6(c).

> **D. If Plaintiff Makes a Good Faith Attempt to Comply with the MPLA, the Court May Afford the Plaintiff Additional Time to Comply with the MPLA**

The West Virginia Supreme Court of Appeals has held that plaintiff's procedural defect in attempting to comply with the MPLA's pre-suit requirements may not warrant dismissal. Westmoreland v. Vaidya held that "a principal consideration before a court reviewing a claim of insufficiency in a notice or certificate [under the MPLA] should be whether a party challenging or defending the sufficiency of a notice and certificate has demonstrated a good faith and reasonable effort to further the statutory purposes."  664 S.E.2d 90, 96 (W. Va. 2008); see also Giambalvo, supra at *6 (holding the plaintiff demonstrated a good faith effort to comply with the MPLA "[a]s evidenced by the filing of his document 'In Lieu of Medical Screening Certificate of Merit,' [therefore] he believed . . . that his claim was based upon a well-established theory of liability.").  In contrast, this court recently dismissed a plaintiff's claims against a medical professional when plaintiffs made no effort to comply with the MPLA's pre-suit

8

requirements before joining a doctor to the claim. See Cty. Comm'n of McDowell Cty. v. McKesson Corp., 263 F. Supp. 3d 639, 645 (S.D.W. Va. 2017).

### III. DISCUSSION

Plaintiff does not dispute that he failed to comply with the MPLA's pre-suit certificate of merit requirement or that the eight (8) named prison officials constitute health care providers. See ECF No. 49. Nor does plaintiff object to the PF&R's finding that his complaint is not founded upon a well-established legal theory of liability which does not require expert testimony under W. Va. § 55-7B-6(c). In contrast, plaintiff concedes that the use of an expert "would be prudent and [I am] in accord with that aspect." Id. at 18.

Pearson concedes that he did not even attempt to comply with the MPLA's pre-suit requirements, instead alleging a lack of awareness. See id. As such, plaintiff made no "good faith reasonable effort" to comply with the MPLA, Giambalvo, supra at *6.

Instead, Pearson alleges that the (1) Bureau of Prisons' grievance system failed to notify him of the MPLA's requirements and (2) he has never received an opportunity to address the deficiency. See ECF No. 48. The court declines to carve out a per-se exception to the MPLA's pre-suit requirements for actions

9

filed by inmates or require the prisoner grievance system to notify prisoners of the MPLA (or other state procedural requirements). Absent good faith efforts by a plaintiff to comply with the MPLA's pre-suit requirements, see Westmoreland v. Vaidya, 664 S.E.2d 90, 96, this court refuses to provide plaintiff additional time to comply with the MPLA.[3]

## IV. CONCLUSION

After reviewing the record with respect to plaintiff's objections to the FTCA claim, this court (1) **OVERRULES** plaintiff's objections to the PF&R (ECF No. 48); (2) **GRANTS** the Federal Bureau of Prisons' "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment", (ECF No. 23); (3) **DISMISSES** plaintiff's complaint (ECF No. 1); and (4) **DIRECTS** the Clerk to remove this action from the active docket of this court.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and to counsel of record.

**IT IS SO ORDERED** this 27th day of April, 2018.

---

[3] Even if this court were to provide plaintiff with additional time, plaintiff admits that after consulting with a lawyer that he "cannot afford a competent expert in order to meritoriously advance his MPLA claims." ECF No. 48 at 18. Further, plaintiff's argument that as an indigent he does not possess the resources to comply with the MPLA is of no matter.

ENTER:

David A. Faber
David A. Faber
Senior United States District Judge